# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                                **Case Nos.   96-Cr-4**
                                                                                          05-C-1166

**CARVESTER CARVER,**

        **Defendant/Movant.**

# DECISION AND ORDER

In 1996, a jury found Carvester Carver ("Carver") guilty of conspiracy to distribute a controlled substance, for which this Court sentenced him to a term of imprisonment. This judgment was affirmed on appeal in 1999, see *United States v. Carver*, 179 F.3d 1056 (7th Cir. 1999) and a petition for a writ of certiorari to the Supreme Court of the Untied States was denied on October 18, 1999, see *Carver v. United States*, 528 U.S. 957 (1999). On July 25, 2005, Carver moved the Court for relief pursuant to 18 U.S.C. § 3582(c)(2), claiming that he was entitled to a shorter sentence. Specifically, Carver sought correction of his sentence based solely on *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004).

In an order dated September 7, 2005, the Court informed Carver that it intended to recharacterize his motion as one brought under 28 U.S.C. § 2255. The Court notified Carver

that, subsequent to its recharacterization, any further § 2255 motions that he filed would be subject to the restrictions on second or successive motions found in 28 U.S.C. §§ 2244 and 2255. *Id*. Before proceeding further, the Court granted Carver until October 3, 2005, to either (a) withdraw his motion or (b) amend it so that it contained all the § 2255 claims he wished to raise. *Id*. The Court warned that failure to amend the instant motion could foreclose future relief on additional grounds.

The deadline set by the Court came and went. Carver was not heard from. So, the Court sent him a letter, dated October 19, 2005, and extended the time for him to respond until November 8, 2005. On October 31, 2005, the Court received a letter from Carver stating that he decided to "let the 18 U.S.C. § 3582(c)(2) motion for relief stand as is." (Ltr. from C. Carver to Chief J. Randa (Oct. 31, 2005).) In that same letter, Carver stated that he intended to file a § 2255 motion no later than November 8, 2005. True to his word, Carver filed a motion pursuant to 28 U.S.C. § 2255, which the Court received on November 7, 2005.

Carver's filings will be liberally construed. Though likely unintentional, his request to maintain the § 3582 motion would preclude consideration of his § 2255 motion filed on November 7, 2005. This is why: the Court had already indicated that, if Carver wished to go forward on his § 3582 motion, it would be re-characterized as a request for relief pursuant to § 2255. That recharacterization, however, would render his November 7, 2005 filing a subsequent motion. This clearly is not what Carver intended. Therefore, the Court will

2

dismiss the pending § 3582 motion and consider the claims contained therein as additional grounds for relief in Carver's § 2255 motion.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, states that a judge must promptly examine § 2255 motions and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Sec. 2255 Proceedings for the United States District Courts, Rule 4(b).

Carver's motion identifies two grounds for relief. First, he claims a violation of his fifth and sixth amendment rights insofar as the government did not prove beyond a reasonable doubt the drug quantity for which he was sentenced. Second, Carver states that he received ineffective assistance of counsel because his counsel did not object to the drug quantity attributed to Carver.

Carver's petition is clearly based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000)[1] and his counsel's failure to anticipate that decision. However, Carver's conviction became final on October 18, 1999, when the Supreme Court denied his requested for a writ of certiorari. *Apprendi* was decided several months later. The Seventh Circuit has held that *Apprendi* does not apply retroactively to "sentences that became final before June 26, 2000." *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002).

---

[1] *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

3

Carver's claim of ineffective assistance of counsel fares no better. Counsel's failure to anticipate the holding of *Apprendi* is not a cognizable sixth amendment violation. *See Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001). The sixth amendment does not require counsel to predict changes in the law. *Id*.

Finally, the Court addresses those arguments raised in Carver's § 3582 motion, seeking relief based on *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, 542 U.S. 296 (2004). Those arguments too must fail. The Seventh Circuit has held that *Booker* is not retroactively applicable to criminal cases, like Carver's, that became final before January 12, 2005. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). In that opinion, the Seventh Circuit also clarified that "*Blakely* reserved decision about the status of the federal Sentencing Guidelines . . . so *Booker* itself represents the establishment of a new rule about the federal system." *Id*. Thus, Carver's attempts to claim that the decisions of *Booker* or *Blakely* mandate consideration of his motion are without merit.

Accordingly, Carver's § 2255 motion fails to pass Rule 4 muster, and must be dismissed.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Carver's Motion Pursuant to 18 U.S.C. § 3582(c)(2), for Sentence Reduction Pursuant to the Subsequent Change in the Sentencing Guidelines (Docket No. 514 of Case No. 96-Cr-4) is **DISMISSED**.

Carver's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 of Case No. 05-C-1166) is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 10th day of November, 2005.

                                      **BY THE COURT**

                                      s/ Rudolph T. Randa
                                      **Hon. Rudolph T. Randa**
                                      **Chief Judge**